566 S.E.2d 254

**In re The Marriage of Larry D. SANTEE Petitioner Below, Appellee,**

v.

**Barbara S. SANTEE, Respondent Below, Appellant.**

**No. 30124.**

Supreme Court of Appeals of West Virginia.

Submitted April 23, 2002.

Decided June 7, 2002.

Jo Lynne Nugent, Esq., Sheehan & Nugent, PLLC, Wheeling, for Appellant.

Robyn Ruttenberg, Esq., Law Offices of Robyn Ruttenberg, Wheeling, for Appellee.

PER CURIAM.

This is an appeal by Barbara S. Santee from a divorce order entered by the Circuit Court of Marshall County on March 8, 2001. In that order, the circuit court rejected a family law master's recommendation that the appellant receive alimony for the period of three years and ruled that the appellant was entitled to no alimony. On appeal, the appellant claims that the circuit court's decision was erroneous and that, in fact, she should have been awarded more alimony than that recommended by the family law master..

## I.

### FACTS

The appellant, Barbara S. Santee, and the appellee, Larry D. Santee, were married on October 16, 1998. The appellant had previously been married twice before. Her first husband was a coal miner, and upon his death, the appellant became entitled to certain health insurance benefits from the United Mine Workers of America. Those benefits were provided to her cost free for the remainder of her life, or until she remarried.

After the death of her first husband, the appellant married a man named Albert Ellington on May 14, 1995. The appellant's United Mine Workers health benefits terminated at that time. However, the marriage was annulled in 1998, and because the marriage ended in annulment, rather than divorce, the appellant's United Mine Worker's health insurance was reinstated. The appellant was awarded $200 per month child support for a child born to the Ellington marriage.

As has previously been stated, the appellant and the appellee were married on October 16, 1998. Shortly after the marriage, strains developed, and on February 26, 1999, slightly more than four months after the parties were married, the appellee instituted the present proceeding by suing for divorce.

Hearings were held in the divorce before a family law master on May 3 and May 16, 2000, and at those hearings, extensive evidence was introduced relating to the parties' financial resources, their incomes, their income-earning capacities, and their expenses. The hearings showed that the appellant had a gross income of $955.74 per month from rental properties, from a United Mine Workers of America pension, and from child support payable by her second husband. Her expense statement showed that her expenses were $1,100 per month, not including the cost of health insurance. The evidence also showed that she was 42 years old, that she had a high school education, and that neither prior to, nor during the parties' marriage, had she held a traditional job. The appellee was 53 years old and had long been employed by PPG Industries where, during 1999, he earned a gross income of $51,876. His expense statement showed that his monthly expenses, including various taxes, were $3,908.37 per month.

Following the hearings, the family law master, among other things, recommended that the appellee pay the appellant $200 per month alimony for a period of three years. Both parties petitioned that the circuit court

review and reject the family law master's recommended alimony. The appellant claimed that it was inadequate. The appellee claimed that it was excessive and unjustified.

Neither party requested oral arguments on the petitions for review. The circuit clerk nonetheless scheduled the matter for hearing, and a brief hearing was held before the circuit court at which the attorney for each party was allowed to speak. Following the hearing, the circuit court on March 3, 2001, concluded that the appellant was not entitled to alimony, and on March 8, 2001, the court entered an order to that effect. It is from that order that the appellant now appeals.

## II.

### STANDARD OF REVIEW

■ In Syllabus Point 1 of *Stephen L.H. v. Sherry L. H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995), this Court stated: "A circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard." In note 11 of the same case, the Court stated:

The standards of review that we discuss in the text of this opinion as applying to the circuit court are the same standards for this Court. A court should review the record for errors of law; ensure the decision is supported by competent, material, and substantial evidence in the whole record; and ensure the findings and ultimate decision of a family law master are not clearly erroneous or an abuse of discretion. In reviewing the decisions of the circuit court, the scope of this Court's review is relatively narrow. Our role is limited to considering errors of law and making certain that the circuit court adhered to its statutory standard of review of factual determinations, that is, whether the family law master's findings are supported by substantial evidence and consistent with the law.

## III.

### DISCUSSION

The issue in the present case is whether the circuit court properly rejected the family law master's recommendation that the appellee pay the appellant $200 per month alimony for the limited period of three years and properly concluded that the appellant was entitled to no alimony at all.

An examination of the record shows that the family law master examined the evidence relating to the financial assets of the parties, their income earning capacities, their health and their financial obligations. The family law master noted, among other things, that each party had sold a parcel of real estate and contributed the proceeds toward purchasing marital assets. The family law master also noted that the appellant suffered from various health problems, that the appellee's income was substantially greater than the appellant's, but that the appellant received child support, a United Mine Workers pension, and owned income-producing real estate. The family law master also noted that it did not appear that the appellant always managed her rental real estate in the most advantageously profitable manner. Finally, the family law master concluded that neither side had proved by a preponderance of the evidence a fault component to the breakdown of the marital relationship. In addressing the award of alimony, the family law master concluded:

5. Based upon the persuasive evidence presented by the parties, in the instant action, the Court concludes the relevant factors under W. Va.Code 48–2–16(b) to be the following:

a) The length of time the parties were married;

b) The period of time during the marriage when the parties actually lived together as husband and wife;

c) The present employment income and other recurring earnings of each party from any source;

d) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job

market and custodial responsibilities for children;

e) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of section thirty-two [§ 48–2–32] of this article, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive alimony . . .

f) The ages and the physical, mental and emotional condition of each party;

g) The educational qualifications of each party;

h) The costs of providing health care for each of the parties . . .

i) The tax consequences to each party;

j) The financial need of each party;

k) The legal obligations of each party to support himself or herself and to support any other person;

l) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of alimony, child support or separate maintenance.

6. While there does always appear to be an emphasis on the length of the marriage, it is only one of the relevant factors enumerated above—and is not controlling. Likewise, however there is no consideration given to the "promises" of the petitioner to keep the respondent insured. *See,* Bridgeman v. Bridgeman, 182 W.Va. 677, 391 S.E.2d 367 (1990).

7. A consideration of all of the factors recited above, with specific consideration of the relative income earning abilities of the parties; their respective financial needs; each parties' corresponding ability to overcome the ramifications of this mutual mistake, and the equitable interests of the parties mutually bearing such mistake warrant an award of alimony of limited duration.

8. The petitioner has the ability to pay an alimony award of two hundred ($200.00) dollars per month. Such alimony award should be for a period of three years, unless either party should first die, the respondent remarry, or as may be otherwise modified under the continuing jurisdiction of this Court.

As stated in *Stephen L.H. v. Sherry L.H., id.,* this Court has indicated that a circuit court, in reviewing a family law master's decision, should determine whether the decision is supported by competent, material and substantial evidence in the whole record, and whether the findings and ultimate decision of the family law master are, or are not, clearly erroneous or involve an abuse of discretion.

The family law master concluded that the parties were married and lived together as husband and wife for a very brief period of time. Additionally, they each had earnings and earning capacity—the appellant from her Miners' pension, her income-producing real estate, and child support. The family law master found that each party obtained assets in marital distribution. Finally, the family law master found that each party had only a limited ability to pay for his or her own expenses and, in the case of the appellee, to pay alimony. The family law master, after looking at all the circumstances, concluded it was appropriate that the appellee pay the appellant alimony of $200 per month for three years.

This Court, in examining the record, finds that the family law master's findings of fact were supported by competent, material and substantial evidence in the record, and also finds that the findings were not clearly erroneous. Thus, in terms of the findings, it appears that the circuit court, under the principles set forth in *Stephen L.H. v. Sherry L.H., id.,* should have adopted the family law master's recommendations. The real question in this case is whether the family law master abused his discretion in recommending that the appellee be required to pay the appellant $200 per month alimony for the period of three years.

In *Bridgeman v. Bridgeman,* 182 W.Va. 677, 680, 391 S.E.2d 367, 370 (1990), a case cited by the family law master in his recommended decision, this Court indicated that

the provisions of the West Virginia Code relating to alimony are designed to allow courts to grant relief appropriate to the facts of each marriage. The Court also noted:

> As a general rule, a significant alimony award is more appropriate after a long marriage than after a short one. In long marriages, it often happens that one party foregoes education and employment, in effect permanently, in order to support the other's career and the couple's children. In short marriages that produce no children, conversely, each party's sacrifices tend to be short-lived and easily remedied.

In making the alimony recommendation in the present case, it appears that the family law master carefully considered the factors relevant to making an alimony determination under W. Va.Code 48–2–16(b). An overall analysis of the facts shows that the principal alteration in the appellant's circumstances which occurred as a result of the marriage was that she lost her United Mine Workers health insurance. There is some indication, however, that the insurance was replaced by the appellee's health insurance during marriage, and that after divorce, the appellant will remain eligible to purchase coverage under the appellee's policy. Further, given her prior experience in the Ellington marriage, the appellant knew, or should have known, that the loss of the insurance would result from the marriage.

Finally, the marriage in this case was extraordinarily short. Less than five months passed between the time of marriage and the filing of the divorce complaint. There is no evidence that the appellant gave up employment or educational opportunities by entering into the marriage.

Given these overall circumstances, this Court does not believe that the family law master abused his discretion in making the alimony recommendation in this case. Because this Court believes that the family law master's findings of fact were supported by the record, and his alimony recommendation was not the result of an abuse of discretion, the Court believes that the circuit court erred, under the principles set forth in *Stephen L.H. v. Sherry L.H., supra,* in failing to adopt that recommendation.

For the reasons stated, the judgment of the Circuit Court of Marshall County is reversed insofar as it relates to the award of alimony in this case, and this case is remanded with directions that the court adopt the family law master's recommended decision and order the appellee to pay the appellant $200 per month alimony for the period of three years, unless either party should first die or unless the appellant should remarry. In all other respects, the judgment of the circuit court is affirmed.

Reversed, in part, and remanded with directions.